```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-21670-Civ-ALTONAGA
                                    MAGISTRATE JUDGE P.A. WHITE

BERNARD BONNER,              :

      Petitioner,            :

v.                           :          REPORT OF
                                     MAGISTRATE JUDGE
WARDEN J. WILLIS,[1]         :

      Respondent.            :
_____
```

## I. Introduction

Bernard Bonner, who is presently confined at Everglades Correctional Institution in Miami, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to Title 28, Section 2254, attacking his conviction and sentence in case number 01-8283, entered in the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus (DE# 1), supporting memorandum (DE# 4), and memorandum addressing limitations (DE# 9), the Respondent's response to an order to show cause and appendixes of exhibits (DE# 13-15), and Bonner's reply

---

[1] Bonner has named J. Willis, Warden of the Everglades Correctional Institution and former Attorney General Bill McCollum as the Respondents. Present Attorney General Walter A. McNeil is automatically substituted for his predecessor.

(DE# 16).

Construing the *pro se* movant's arguments liberally, he appears to raise the following claims in his Section 2254 petition:

1. Bonner's burglary conviction is supported by insufficient evidence, in violation of Fourteenth Amendment due process;
2. Bonner's kidnapping conviction is supported by insufficient evidence, in violation of Fourteenth Amendment due process; and
3. The information charging kidnapping was so vague, indefinite, and uncertain that it hindered Bonner's ability to prepare a defense, in violation of the Sixth Amendment's right to reasonable notice of the charges and Fourteenth Amendment due process, and deprived the trial court of subject-matter jurisdiction.

## II. Procedural History

Bonner was charged with: Count (1), armed burglary with assault or battery; Count (2), attempted aggravated assault with a deadly weapon; Count (3), battery causing great bodily harm, permanent disability or permanent disfigurement; and Count (4), kidnapping with a deadly weapon. (DE# 14 at 7). A jury found as follows: Count (1), guilty of burglary of an occupied structure with assault or battery; Count (2), not guilty; Count (3), guilty of battery, a lesser included offense; and (4) guilty of kidnapping without a weapon. (DE# 14 at 14). The court entered a judgment of acquittal for Count (2), and a judgment of guilt for Counts (1), (3) and (4) pursuant to the verdict. (DE# 14 at 18, 20). The court entered consecutive life sentences for Counts (1) and (4), and a

suspended sentence of 364 days for Count (2). (DE# 14 at 23). (DE# 14 at 18).

On direct appeal, he argued: (1) the trial court erred by admitting irrelevant collateral crime evidence, which only went to Bonner's bad character and criminal propensity; and (2) the trial court imposed an improper vindictive sentence after Bonner rejected a pretrial plea offer. (DE# 14 at 27). The Third District Court of Appeal *per curiam* affirmed on February 25, 2004. Bonner v. State, 868 So. 2d 529 (Fla. 3d DCA 2004) (3D02-2939). The mandate issued on March 12, 2004. (DE# 14 at 87).

On May 28, 2004, Bonner filed a Rule 3.850 motion for post-conviction relief in which he argued counsel was ineffective for failing to: (1) conduct adequate pre-trial investigation; and (2) impeach the victim's testimony with defense witnesses. (DE# 14, at 89). The court held a hearing on the motion at which two prospective defense witnesses, defense counsel, and Bonner testified. See (DE# 14-1 at 9). The two prospective witnesses explained they were available for trial and would have testified that Bonner and the victim lived together in the residence where the offenses occurred. Bonner testified he provided the names to his first attorney, who included the relevant individuals in the witness list. The replacement attorney who was appointed to represent him shortly before trial did not call the witnesses. The absence of the witnesses made Bonner feel it was necessary to take the stand to challenge the victim's credibility. (DE# 14-1 at 36). Defense counsel testified he advised Bonner there was no need to call defense witnesses because the victim was not credible. (DE# 14-1 at 74). Based on the investigator's interview of each prospective defense witness, he did not think they would have provided the testimony they described at the evidentiary hearing

3

and, in any event, would not have refuted victim's testimony. Further, he did not think the jury would find Bonner guilty based solely on the victim's testimony, and advised Bonner not to testify because his testimony confirmed portions of the victim's testimony. The court found Bonner was not credible and denied the motion. (DE# 14-1 at 111, 118).

The Third District affirmed, finding counsel's decision not to call the defense witnesses was a reasonable strategic decision and that there was no prejudice because there was no reasonable probability the witnesses' failure to testify affected the outcome of trial. <u>Bonner v. State</u>, 981 So. 2d 499 (Fla. 3d DCA 2008) (3D06-1088). The court denied Bonner's request for clarification. (DE# 14-2 at 36). The mandate issued on June 23, 2008. (DE# 14-2 at 37). The Florida Supreme Court denied discretionary review on October 14, 2008. <u>Bonner v. State</u>, 994 So. 2d 1104 (Fla. 2008) (SC08-1253).

Bonner had filed a State habeas petition on November 9, 2007. (DE# 14-2 at 39, 50). He argued the burglary conviction for entering his own residence violates due process and equal protection and constitutes a manifest injustice. The trial court denied the petition as successive and procedurally barred. (DE# 14-2 at 62). The Third District *per curiam* affirmed. <u>Bonner v. State</u>, 3 So. 3d 1261 (Fla. 3d DCA 2009) (3D08-2767). The mandate issued on March 13, 2009. (DE# 14-3 at 1).

On July 31, 2009, Bonner filed a Rule 3.850 motion for post-conviction relief in which he argued: (1) the trial court lacked subject-matter jurisdiction to enter a judgment convicting Bonner of burglary where he cohabited the residence under an oral rental agreement; (2) the court erred by adjudicating Bonner guilty of kidnapping because there was insufficient evidence; and (3) the

information charging Bonner with kidnapping is vague, indefinite and uncertain. (DE# 14-3 at 3). The trial court denied the motion as untimely and procedurally barred because the claims should have been brought on direct appeal. (DE# 14-3 at 90). The Third District *per curiam* affirmed. Bonner v. State, 30 So. 3d 506 (Fla. 3d DCA 2010) (3D09-3428). The mandate issued on April 9, 2010. (DE# 14-3 at 92).

Bonner filed the instant petition on May 19, 2010.[2]

### III. Statute of Limitations

A one-year statute of limitations applies to petitions for writ of habeas corpus filed by State prisoners. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or at the time when seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Moreover, AEDPA's one-year limitations period is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549 (2010). Equitable tolling is available only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

An application is "properly filed" for AEDPA's purposes when:

its delivery and acceptance are in compliance with the

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

5

>applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the **time limits** upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000) (overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)) (emphasis added).

AEDPA's statute of limitations began running when Bonner's conviction and sentence became final on May 25, 2004, ninety days after the Third District affirmed on direct appeal. Chavers v. Sec'y, Dep't of Corr., 468 F.3d 1273 (11th Cir. 2006); Nix v. Sec'y, Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir.2004); Bond v. Moore, 309 F.3d 770 (11th Cir. 2002) (conviction becomes "final" ninety days after the judgment on direct appeal is issued, within which petition for writ of certiorari could have been filed). Time ran for two days before Bonner filed his first Rule 3.850 motion on May 28, 2004. By the time that motion was resolved on appeal, Bonner's State habeas petition was pending. Time began running again when the Third District's mandate issued from the appeal of Bonner's State habeas petition on March 13, 2009. Bonner filed his second Rule 3.850 motion on July 31, 2009. However, that motion did not toll AEDPA's statute of limitations because it was untimely under Florida law.³ Therefore, the motion cannot be considered "properly filed" and does not toll AEDPA's one-year statute of limitations. See Artuz, 531 U.S. at 8. More than 430 days of

---

³ The July 31, 2009, motion was filed more than two years after the judgment became final for purposes of Florida law on March 12, 2004. See Beaty v. State, 701 So. 2d 856 (Fla. 1997) (a judgment and sentence become final under Florida law upon the appellate court's issuance of a mandate on direct appeal); Fla. R. Crim. P. 3.850 (motion for post-conviction relief must be filed within two years of the date the judgment and sentence become final). Bonner did not allege any facts that would have excused his untimeliness under Florida law. See Drew v. Dep't of Corr., 297 F.3d 1278 (11th Cir. 2002).

untolled time elapsed by the time Bonner filed the instant petition on May 19, 2010.

    Bonner presently argues his Rule 3.850 motion was timely filed under Florida law because it attacked the constitutionally of the conviction and sentence which were imposed by a court without jurisdiction. See (DE# 16 at 2). Bonner's suggestion that Rule 3.850 contains no time limit for jurisdictional issues misstates the current state of Florida law. See McCrae v. State, 437 So. 2d 1388 (Fla. 1983) (citing the then-current Rule 3.850, which had no time limit); Fla. R. Crim. P. 3.850. To the extent he suggests any jurisdictional error warrants equitable tolling in this Court, this claim also fails. See Blackshear v. McDonough, 2008 WL 2312677 (M.D. Fla. June 4, 2008) (there is no exception to AEDPA's statute of limitations for a Section 2254 claim that the state court lacked subject-matter jurisdiction).

    Bonner contends the Court should address his claims on the merits to prevent a miscarriage of justice because he is factually innocent. (DE# 9). "Neither the Supreme Court nor [the Eleventh Circuit Court of Appeals] has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008) (judgment vacated for further consideration in light of Holland, 130 S.Ct. 3491, by Melson v. Allen, 130 S.Ct. 3491 (2010). To date, the Eleventh Circuit has avoided this constitutional issue because "no time-barred petitioner has made the requisite actual-innocence showing." Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008); see Scarlett v. Sec'y, Dep't of Corr., 2010 WL 4948730 at *7 n.5 (11th Cir. Dec. 7, 2010) (noting it was unnecessary to determine whether actual innocence operates as an exception to AEDPA's one-year limitations period). To make a

sufficient showing of actual innocence, a petitioner must produce "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not present at trial." Arthur v. Allen, 452 F.3d 1234, 1245 (11th Cir. 2006). Further, to make a gateway showing of actual innocence, the petitioner must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324 (1995).

Bonner fails to make a sufficient allegation of factual innocence. He does not deny he entered the victim's home, battered and kidnapped her. Nor does he identify any new exculpatory evidence. Rather, he argues the charging document was insufficient, the evidence was insufficient to prove the charges, and the burglary conviction was improper because he had an ownership interest in the residence in which the incidents occurred. The foregoing are legal attacks on the convictions that do not raise a reasonable doubt that he actually committed the offenses at issue. See Justo v. Culliver, 317 Fed. Appx. 878 (11th Cir. 2008) (indictment deficiency was a mere legal insufficiency that did not raise a reasonable doubt about defendant's commission of offense to which he pled guilty); Rich v. Dep't of Corr., 317 Fed. Appx. 881 (11th Cir. 2008) (attack on legal sufficiency of state's evidence did not demonstrate factual innocence). Accordingly, assuming the actual innocence exception is available to Bonner, he has failed to satisfy its requirements.

Bonner has not alleged that any "extraordinary circumstances" beyond his control prevented him from timely filing this petition. Nor has he established that a timely filing was unavoidable even with his exercise of due diligence. See Lawrence v. Florida, 421

F.3d 1221, 1226 (11th Cir. 2005).

Equitable tolling does not prevent application of AEDPA's time bar in this case and Bonner is not entitled to review on the merits of his claims.

## IV. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time-barred, and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 10th day of January, 2011.

UNITED STATES MAGISTRATE JUDGE

cc:   Bernard Bonner, *pro se*
      DC# 439839
      Everglades Correctional Institution
      1599 SW 187 Ave.
      Miami, FL 33194

      Douglas J. Glaid, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131