# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.  10-21670-CIV-ALTONAGA/White

**BERNARD BONNER**,

       Petitioner,

vs.

**J. WILLIS, WARDEN**,

       Respondent.

_____/

## ORDER ACCEPTING IN WHOLE
## REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on the Report of Magistrate Judge (the "Report")
[ECF No. 18], entered January 10, 2011, recommending the denial of Petitioner, Bernard Bonner's
Petition for Habeas Corpus (the "Petition") [ECF No. 1] as timed-barred.  Mr. Bonner raises two
objections to the Report: (1) the AEDPA statute of limitations was tolled during the pendency of his
second Florida state 3.850 motion, and (2) he is actually innocent.  (*See* Objs. [ECF No. 21]).  The
Court has carefully reviewed the Report, the parties' written submissions, and the applicable law,
and has conducted a *de novo* review of the record.

## I.  PROCEDURAL BACKGROUND

On March 1, 2002, Mr. Bonner was convicted by a jury of burglary with assault, simple
battery, and kidnaping.  (Ex. B 14–18 [ECF No. 14]).  His conviction was affirmed on February 25,
2004 by the Third District Court of Appeal.  *See Bonner v. State*, 868 So. 2d 529 (Fla. 3d DCA
2004).

On May 28, 2004, Mr. Bonner filed a Rule 3.850 motion in state court for post-conviction
relief, which was denied.  (*See* Hr'g Tr. 9–116 [ECF 14-1]; Order on First Mot. 117–124 [ECF No.

Case No.  10-21670-CIV-ALTONAGA/White

14-1]).  The denial was affirmed by the Third District Court of Appeal, *see Bonner v. State*, 981 So. 2d 499 (Fla. 3d DCA 2008), and the Florida Supreme Court denied discretionary review on October 14, 2008, *see Bonner v. State*, 994 So. 2d 1104 (Fla. 2008).

On November 9, 2007, while his first 3.850 motion was pending Mr. Bonner filed a state habeas petition that was denied as successive and procedurally barred.  (*See* State Habeas Order 62–64 [ECF No. 14-2]).  This decision was also affirmed by the Third District Court of Appeal, *see Bonner v. State*, 3 So. 3d 1261 (Fla. 3d DCA 2009), and the mandate issued on March 13, 2009. (*See* Mandate 1 [ECF No. 14-3]).

On July 31, 2009, Mr. Bonner filed a second 3.850 motion which the state court denied as untimely and denied the claims it presented as procedurally barred.  (*See* 2d Mot. 3–63 [ECF No. 14-3]; Order on 2d Mot. 90 [ECF No. 14-3]).  This decision was also affirmed by the Third District Court of Appeal, *see Bonner v. State*, 30 So. 3d 506 (Fla. 3d DCA 2010), and the mandate from that decision issued on April 9, 2010 (*see* Docket [ECF No. 14-3]).

Mr. Bonner then filed this Petition on May 19, 2010.  The Petition was referred to Judge Patrick A. White for a report.  In the Report, Judge White concludes the instant Petition is untimely under AEDPA's one-year statute of limitations because more than 430 days of untolled time passed between Mr. Bonner's conviction becoming final and the filing of this Petition.  The largest portion of untolled time lapsed while Mr. Bonner's second 3.850 motion was pending in state court.  Judge White concluded that Mr. Bonner's second 3.850 motion, being untimely under Florida law, was not "properly filed" and therefore did not toll the AEDPA statute of limitations.  Mr. Bonner objects to this finding, contending that his second state 3.850 motion was not untimely because it set forth a

2

Case No.  10-21670-CIV-ALTONAGA/White

challenge to his conviction based on lack of subject-matter jurisdiction and therefore falls within an exception to the two-year statute of limitations under state law.  (*See* Objs. 2–4).

Magistrate Judge White also found that, even if actual innocence were a recognized exception to the one-year AEDPA statute of limitations, which it is not, Mr. Bonner did not make sufficient allegations of actual innocence to show that no reasonable juror would have convicted him.  In his Objections, Mr. Bonner reiterates that he is actually innocent of the burglary charge because "their [sic] was a valid oral living rental agreement that was never terminated."  (Objs. 12).

## II.  ANALYSIS

### A.  Statute of Limitations

The one-year statute of limitations established by the AEDPA on petitions for the writ of habeas corpus filed by state prisoners, 28 U.S.C. § 2244(d)(1), begins to run after the conviction becomes final.  *See* 28 U.S.C. § 2244(d)(1)(a).  However, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  *Id.* § 2244(d)(2) (emphasis added).

The Supreme Court has held "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, . . . the *time limits upon its delivery*."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added) (footnote call number omitted).  The Eleventh Circuit has considered "whether the state petition must meet state filing deadlines in order to toll the AEDPA statute of limitation," and has concluded "that it must."  *Webster v. Moore*, 199 F. 3d 1256, 1258 (11th Cir. 2000).  However,

Case No. 10-21670-CIV-ALTONAGA/White

in *Artuz*, the Supreme Court left open the possibility that "certain exceptions to a timely filing requirement [could] prevent a late application from being considered improperly filed." *Artuz,* 531 U.S. at 9 n.2 (citing *Smith v. Ward*, 209 F.3d 383, 385 (5th Cir. 2000)). In *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), the Supreme Court clarified that "a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception."

According to Mr. Bonner, his challenge to the trial court's subject-matter jurisdiction falls within a judge-made exception to Florida's two-year statute of limitations for 3.850 motions. *See* FLA. R. CRIM. P. 3.850(b) (outlining a two-year statute of limitations and three exceptions, none of which are alleged here). Mr. Bonner principally relies on the decision in *Harris v. State*, 854 So. 2d 703 (Fla. 3d DCA 2003), to support his objection. In *Harris*, the State argued the defendant's post-conviction motion was untimely. The *Harris* court held, "[w]hile this argument finds support in the text of Florida Rule of Criminal Procedure 3.850(a)(2) and (3), case law establishes that the absence of jurisdiction may be raised at any time." 854 So. 2d at 705; *see also Gunn v. State*, 947 So. 2d 551 (Fla. 4th DCA 2006); *Brown v. State*, 917 So.2d 272 (Fla. 5th DCA 2005); *Harrell v. State*, 721 So. 2d 1185 (Fla. 5th DCA 1998). However, in a more recent decision in *Carbajal v. Florida*, 28 So. 3d 187, 189 (Fla.2d DCA 2010), the court opined:

> We do not find these cases persuasive because they do not explain why they apparently concluded that the two-year limit in rule 3.850 did not extinguish the defendant's right to raise the issue of the circuit court's jurisdiction. While we are well aware of the body of law that holds that the court's jurisdiction may be

4

Case 1:10-cv-21670-CMA   Document 22   Entered on FLSD Docket 03/03/2011   Page 5 of 9

challenged at any time, we have found nothing that suggests we can ignore the two-year limit contained in rule 3.850.

28 So. 3d at 189.  While this raises a fascinating issue of Florida state law, the Court need not resolve this state law question because two Florida courts have already done so in Mr. Bonner's case.

In its Order on Second Motion, the Florida circuit court found "Defendant['s second 3.850 motion] is time barred by failing to file the [m]otion . . . within the required two years from the date the conviction became final."  (Order on 2d Mot. 90).  It is not clear from the circuit court's ruling whether it relied on the reasoning expressed in *Carbajal* or concluded the claim Mr. Bonner stylized as a subject-matter jurisdiction claim was actually not such a claim.[1]  This decision was affirmed. *See Bonner*, 3 So. 3d at 1261.  This Court cannot and will not substitute its view on a question of Florida state law for the judgment of a Florida state court — especially one that has already been upheld on appeal.  *See DiGuglielmo*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).  Accordingly, Mr. Bonner's second 3.850 motion was untimely under Florida law, was not a "properly filed" state court post-conviction motion for purposes of the

---

[1]  Mr. Bonner's argument is that he should not have been convicted of burglary because at the time he entered the victim's home, kidnaped, and battered her, he allegedly had a right to be there under an oral tenancy agreement with the victim.  (*See* Objs. 2–8).  He asserts, "[b]y the oral living agreement, the Trial/Circuit Court did not have the jurisdiction to enter a criminal burglary conviction, 'just because the Petitioner was behind on his rental fee,' and the alleged victim, landlord [sic] words, I kicked him out." (*Id.* at 7).

This argument is not a challenge to the state court's jurisdiction but is only a claim that one of the elements of burglary was not met — that he entered the victim's home without consent.  (*See* Information 8 [ECF No. 14]).  Whether or not Mr. Bonner had permission to be in the victim's home at the time of the crime was addressed directly at least twice by the Florida courts.  (*See* State Habeas Order 63; Order on First Mot. 120).  The Court considers this argument in more detail in the section dealing with Mr. Bonner's claim of actual innocence.

Case No.  10-21670-CIV-ALTONAGA/White

AEDPA, and did not toll the one-year AEDPA statute of limitations.  Moreover, the Court agrees with Judge White's calculation that "more that 430 days of untolled time elapsed by the time Bonner filed the instant petition on May 19, 2010."  (Report 7).  Consequently, Mr. Bonner's Petition is time-barred.

### B.  Factual or Actual Innocence

A credible claim of actual innocence is a gateway that permits constitutional claims not raised in state court to be brought up for the first time in a federal habeas petition if they were otherwise procedurally defaulted.[2]  *See Davis v. Terry*, 465 F.3d 1249, 1253 (11th Cir. 2006).  "[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims."  *Schlup v. Delo*, 513 U.S. 298, 316 (1995).[3]  A showing of actual innocence requires the petitioner demonstrate that, "'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614,

---

[2]  As Judge White points out, neither the Eleventh Circuit nor the Supreme Court has determined whether actual innocence would excuse an untimely filing of a habeas petition.  The Court need not resolve this question because it concludes Mr. Bonner does not make a sufficient showing of actual innocence.

[3]  This is a non-capital case.  Therefore, to the extent Mr. Bonner is making a "free standing" claim of actual innocence, the Supreme Court has explained:

> The guilt or innocence determination in state criminal trials is "a decisive and portentous event."  "Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens."  Few rulings would be more disruptive of our federal system than to provide for federal habeas review of free standing claims of actual innocence.

*Herrera v. Collins*, 506 U.S. 390, 401 (1993) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977)).

6

Case No.  10-21670-CIV-ALTONAGA/White

623 (1998) (quoting *Schlup*, 513 U.S. at 327–28).  To make a sufficient showing "[t]he petitioner

must support the actual innocence claim 'with new reliable evidence — whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not

presented at trial.'"  *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup*, 513 U.S.

at 324.).  "Evidence is only 'new' if it was 'not available at trial and could not have been discovered

earlier through the exercise of due diligence.'"  *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir.

2005) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001)).[4]

Mr. Bonner contends "[t]he new evidence is the Florida Residential Landlord Tenant Act

Chapter 83, that was not presented to the jurors and if it would have been presented, no reasonable

juror would have convicted Petitioner."  (Objs. 14).  There are a number of problems with Mr.

Bonner's objection.  First, the landlord-tenant law of Florida is not "evidence;" it is law, and to the

extent Mr. Bonner did not make the legal argument at trial that he had a contractual right to be in the

victim's home at the time of the burglary, he waived it.  *See Perez v. State*, 919 So. 2d 347  (Fla.

2005) ("For an issue to be preserved for appeal, . . . it 'must be presented to the lower court and the

specific legal argument or ground to be argued on appeal must be part of that presentation if it is to

be considered preserved.'") (quoting *Archer v. State*, 613 So.2d 446, 448 (Fla. 1993)).  Second, even

if Florida's landlord-tenant law were evidence it would not be "newly discovered" evidence that was

---

[4]  There is some dispute among the Circuit Courts of Appeal about whether evidence of actual innocence must be "newly discovered" or "newly presented."  *Compare Osborne*, 411 F.3d 911, *and Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004), *with Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003).  The Eleventh Circuit does not appear to have directly addressed the question.  This Court follows the Third and Eighth Circuits and Justice O'Connor's controlling concurrence in *Schlup*, where she wrote a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him' in light of *newly discovered* evidence of innocence."  *Schlup*, 513 U.S. at 327, 332  (O'Connor, J., concurring) (emphasis added).

7

Case No.  10-21670-CIV-ALTONAGA/White

unavailable at trial.  With reasonable diligence, Mr. Bonner or his attorney could have researched landlord-tenant law and presented this argument at trial.[5]

Third, Mr. Bonner does not show it is more likely than not that no reasonable juror would have found him guilty had he argued the victim did not follow proper procedure in terminating their oral tenancy agreement.  Both the jury at trial and the Florida court system considered whether Mr. Bonner had permission to be in the victim's home, and as one of the state courts concluded:

> At the trial, the jury was in fact informed that the Defendant lived with the victim and that he was kicked out prior to the crime occurring.  By its verdict, the jury necessarily found that the victim had possession of the property and that the Defendant was not residing there at the time of the crime nor did he have permission to enter the premises.

(State Habeas Order 63).  This order was affirmed on appeal.  *See Bonner*, 3 So.3d 1261.  Moreover, the first 3.850 order was issued after a postconviction hearing addressing whether Mr. Bonner lived at the victim's home or otherwise had permission to be there.  That court reviewed the evidence presented at trial and at the postconviction hearing and determined the jury verdict was well-supported.  (*See* Order on First Mot. 120).  It specifically pointed out that Mr. Bonner gave police an address different from the victim's when asked where he lived, that his license listed a different home address, and that he told police "he 'spent the night' at the victim's house as opposed to stating that he was living there." (*Id.*).  This decision was also affirmed. *See Bonner*, 981 So.2d 499.  Given the abundant evidentiary support for the conviction, even if the "new evidence" Mr. Bonner proposes

---

[5] It is noteworthy that at trial Mr. Bonner testified there was no agreement to pay rent, saying "[the victim] didn't say anything about rent." (Trial Tr. 86:9 [ECF No. 15-3]).  Yet, his actual-innocence argument now depends on the existence of that oral agreement.  His position at trial that there was no agreement to pay rent may explain why he did not argue he had a contractual right to be in the home.

Case No.  10-21670-CIV-ALTONAGA/White

in the form of Florida landlord tenant law had been presented, a reasonable juror would have still concluded Mr. Bonner entered the victim's home without her permission and would have convicted him of burglary.  Accordingly, Mr. Bonner has not made a sufficient showing of actual innocence to lift any procedural bar to his claims.

### III.  CONCLUSION

It is therefore

**ORDERED AND ADJUDGED** as follows:

1.      The Report **[ECF No. 18]** is **ACCEPTED IN WHOLE**.

2.      The Petition **[ECF No. 1]** is **DENIED**.

3.      The Clerk shall **CLOSE** this case, and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of March, 2011.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Bernard Bonner, *pro se*
        DC # 439839
        Everglades Correctional Institution
        1599 SW 187 Ave.
        Miami, Florida 33194